**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerome T. BLEDSOE,**
**Defendant–Appellant.**

No. 88–5693.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1989.

Decided March 14, 1990.

Christopher P. Riley (Riley & Kidner, Wheeling, W.Va., on brief), for defendant-appellant.

John H. Reed, Asst. U.S. Atty. (William A. Kolibash, U.S. Atty., Wheeling, W.Va., on brief), for plaintiff-appellee.

Before WIDENER and WILKINSON, Circuit Judges, and SPENCER, District Judge for the Eastern District of Virginia, sitting by designation.

SPENCER, District Judge:

Jerome T. Bledsoe appeals his conviction for the distribution of "crack" cocaine near a secondary school in violation of 21 U.S.C. §§ 841(a)(1) and 845a(a). Bledsoe contends that the amendment of the indictment against him constituted an improper broadening of the charges returned by the grand jury. The district court allowed the amendment, finding that the change was not a substantial one and that it had not taken the defendant by surprise. We affirm.

### I.

The grand jury returned a one-count indictment against Bledsoe, charging him with the distribution of .37 grams of "crack" cocaine within 1000 feet of a public secondary school in Wheeling, Ohio County, West Virginia.[1] The indictment contained the date of the sale (July 6, 1988) and the amount of money Bledsoe received ($200.00). It also indicated that Bledsoe was accused of violating 21 U.S.C. §§ 841(a)(1) and 845a(a). The indictment incorrectly placed the sale within 1000 feet of a public secondary school in Wheeling, Ohio County, West Virginia. The only public high school in that area is Wheeling Park High School. The sale actually took place at Bledsoe's home, approximately 800 feet from Central Catholic High School, a *private* secondary school. The government informant who purchased the drugs tape recorded the transaction, and defense counsel received a copy of that recording early in the discovery process.

On the date that Bledsoe was to enter his plea, the government moved to amend the indictment by deleting the word "public" from the description of the school. The district court, finding that the amendment was not substantial and that Bledsoe had not been surprised, granted the government's motion over Bledsoe's objection. Bledsoe reserved the right to appeal the court's ruling and entered a guilty plea. The court entered judgment accordingly. Bledsoe appeals from the order granting the motion to amend and from the resulting judgment.

### II.

The amended indictment charged Bledsoe with the distribution of "crack" cocaine near a secondary school. According to

---

1. The indictment reads, in pertinent part, as follows:
   The Grand Jury charges that:
   *Count One*
   On or about July 6, 1988, in or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant JEROME T. BLEDSOE, did unlawfully, knowingly, intentionally and without authority distribute, within one thousand feet of the real property comprising a public secondary school, approximately 0.37 grams of cocaine, also known as "coke," also known as "crack," a Schedule 2 narcotic drug-controlled substance, as designated by Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury, for $200.00; in violation of Title 21, United States Code, Section 841(a)(1) and 845(a).

Bledsoe, the deletion of the word "public" from the description of the school alleged to be in proximity to the location of the drug sale was a substantial amendment. Bledsoe reasons that being required to face the amended charges without resubmission to the grand jury would violate his rights as guaranteed by the Fifth Amendment to the United States Constitution. Bledsoe contends that the amendment improperly broadened the indictment and resulted in inadequate notice of the offense alleged. He also argues that, because the grand jury's indictment specified a public secondary school as the location of the crime, the grand jury must have heard evidence pertaining to a sale at Wheeling Park High School rather than at Central Catholic High School, and that the finding that the sale occurred at a public secondary school was therefore intentional rather than the product of mistake or clerical error.

The government argues in response that the removal of the word "public" from the amendment was not a substantial change requiring resubmission to the grand jury. The government submits that 21 U.S.C. § 845a(a) provides enhanced penalties for drug sales occurring near any secondary schools, regardless of whether they are public or private.[2] Because the statute authorizes enhancement for sales occurring near both public and private schools, the word "public" was mere surplusage, and its removal did not improperly broaden the indictment. The government further contends that Bledsoe received adequate notice of the actual offense early in the discovery process. Finally, the government argues that the only evidence presented to the grand jury concerned the sale near Central Catholic High School, and so the inclusion of the word "public" in the original indictment was simply a clerical error or mistake.

Federal courts follow the settled rule that unless the change is simply a matter of form, an amendment to an indictment requires resubmission to the grand jury. *Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962). Generally, an amendment or a variance will stand "if it does not change an 'essential' or 'material' element of the charge so as to cause prejudice to the defendant." *United States v. Cina*, 699 F.2d 853, 857 (7th Cir.), *cert. denied*, 464 U.S. 991, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983). "Essential" or "material" elements are those which must be specified with precise accuracy in order to establish the illegality of an act. *Cina*, 699 F.2d at 859. Deletion of matters of surplusage or form is permitted. *See, e.g., United States v. Field*, 875 F.2d 130, 133 (7th Cir.1989); *United States v. Anguilo*, 847 F.2d 956, 964 (1st Cir.), *cert. denied*, — U.S. ——, 109 S.Ct. 314, 102 L.Ed.2d 332 (1988); *United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir.1985); *United States v. Ramirez*, 670 F.2d 27, 29 (5th Cir.1982); *United States v. Burnett*, 582 F.2d 436, 438 (8th Cir.1976). Courts following the modern rule allow an amendment if it "is not substantial, it is sufficiently definite and certain, the accused is not taken by surprise, and any evidence the defendant had before the amendment would be equally available to him after the amendment." *United States v. Kegler*, 724 F.2d 190, 194 (D.C.Cir.1984).

We do not think that the amendment in this case was a substantial one requiring resubmission to the grand jury. The deletion of the word "public" from the indictment did not broaden the indictment against Bledsoe. Section 845a(a) provides enhanced penalties for drug sales occurring near public or private secondary schools. All secondary schools are either publicly or privately controlled; therefore, the statute is violated by a sale within 1000 feet of *any* secondary school. Logically, the designation of a secondary school as either public or private is a matter ancillary to the offense charged, which is the sale near a

---

**2.** Title 21 U.S.C. § 845a(a) provides, in pertinent part, that "[a]ny person who violates section 841(a)(1) ... by distributing ... a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university" is subject to enhanced penalties.

secondary school. The amended indictment charges the same offense as the original indictment; it simply corrects an immaterial error by deleting surplusage. The amendment leaves the elements of the crime and the punishment level of the offense intact. The redacted indictment does not broaden the possible bases for conviction.

■ We believe that Bledsoe received adequate notice of the offense charged. The original indictment clearly stated the statutes which Bledsoe was accused of violating. The elements of the crime and its punishment level remained unchanged by the amendment. Although the original indictment indicated that the sale occurred near a public secondary school, Bledsoe received a tape recording of the transaction six weeks before the government moved to amend the indictment. This recording unmistakably notified Bledsoe that the sale had occurred at his home, near Central Catholic High School and not Wheeling Park High School, the only public secondary school in the area. The tape recording clearly sets forth the transaction, where it occurred, and the parties involved. Additionally, there is no evidence of any other transaction. A single set of facts points to one sale which is described by amount, place and time; one undercover officer worked with one informant to compile the evidence. Bledsoe was fully cognizant of the crime with which he was charged and counsel was fully aware of the nature and scope of the government's evidence in the case. Accordingly, Bledsoe suffered no prejudice as a result of the amendment.

■ Finally, there is no reason to believe that the grand jury's finding that the sale occurred near a public secondary school

was anything other than an inadvertent clerical error. We do not accept the argument that the grand jury intended to charge that the sale occurred near Wheeling Park High School rather than Central Catholic High School. The only evidence present in the case relates to a sale which clearly occurred at Bledsoe's home. The grand jury could have heard only this evidence, and therefore the only secondary school which it could have intended to designate would have been Central Catholic High School. The original indictment's reference to a public rather than private secondary school was clearly the result of mistake and not an intentional finding. To require the United States to resubmit this case to the grand jury, under these circumstances, would be elevating form over substance.

AFFIRMED.

WIDENER, Circuit Judge, dissenting:

In this case, the majority affirms the district court, which improperly broadened an indictment making it possible for the defendant to be convicted of selling drugs within 1,000 feet of Central Catholic High School when he was indicted for selling drugs within 1,000 feet of Wheeling Park High School.[1] I respectfully dissent.

As the Supreme Court has noted:

If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a pris-

---

1. The indictment in entirety follows:
*Indictment*
The Grand Jury charges that:
*Count One*
On or about July 6, 1988, in or near Wheeling, Ohio County, West Virginia, within the Northern Judicial District of West Virginia, defendant JEROME T. BLEDSOE, did unlawfully, knowingly, intentionally and without authority distribute, within one thousand feet of the real property comprising a public secondary school, approximately 0.37 grams of

cocaine, also known as "coke", also known as "crack", a Schedule II narcotic drug-controlled substance, as designated by Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury, for $200.00; in violation of Title 21, United States Code, Section 841(a)(1) and 845(a).
*A true bill*
It is undisputed that the only public secondary school in Wheeling, West Virginia, is Wheeling Park High School.

oner's trial for a crime, and without which the Constitution says "no person shall be held to answer" may be frittered away until its value is almost destroyed. *United States v. Miller*, 471 U.S. 130, 142–43, 105 S.Ct. 1811, 1818–19, 85 L.Ed.2d 99 (1984) (quoting *Ex parte Bain*, 121 U.S. 1, 10, 7 S.Ct. 781, 786, 30 L.Ed. 849 (1887)). By not taking this reasoning into account, the majority, in the words of the Court, fritters away this important fifth amendment right by what I suggest is the strained view that the amendment of the indictment which the district court permitted did "not broaden the possible bases for conviction." [2]

The grand jury, however, indicted Bledsoe for selling cocaine within 1,000 feet of a public secondary school in Wheeling, Wheeling Park High School. If the defendant had demurred to the earlier indictment, he would have been found not guilty because he did not sell the cocaine within 1,000 feet of Wheeling Park High School. By striking the word "public" from the indictment, the defendant could be convicted of selling cocaine within 1,000 feet of either Wheeling Park High School *or* Central Catholic High School. Even adopting the majority's reasoning, that undoubtedly broadened the possible bases for conviction. In short, Bledsoe was indicted for a crime he did not commit and convicted of a crime for which he was never indicted.

In *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), the Supreme Court dealt with a similar issue on facts indistinguishable from those at hand. In *Stirone*, the indictment charged that the defendant violated the Hobbs Act by impeding the movement of sand in interstate commerce. The sand was used in the construction of a steel mill, but no impediment to the movement of steel in commerce was charged in the indictment. At trial, the district court allowed in evidence and permitted a conviction either on the movement of the sand in commerce or that the defendant also impeded the movement of steel from the mill in interstate commerce. The Supreme Court reversed the conviction noting that "it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone*, 361 U.S. at 215–16, 80 S.Ct. at 272–73. The Court went on to state that the "variation here destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." [3] 361 U.S. at 217, 80 S.Ct. at 273. The Court also noted that even assuming that "under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened," nevertheless *"when only one particular kind of commerce is charged to have been burdened, a conviction must rest on that charge and not another."* 361 U.S. at 218, 80 S.Ct. at 274 (emphasis added). This holding of the Court is quite to the contrary from the majority's argument that since the statute under which Bledsoe was charged would permit enhancement for sales occurring near either public or private schools, the word "public" in the indictment was mere surplusage. Under the majority's analysis in the case at hand, the sand in *Stirone* would have been merely surplusage, and the defendant

---

**2.** The majority relies on *United States v. Kegler*, 724 F.2d 190 (D.C.Cir.1984). In *Kegler*, the court allowed the correction of a clerical error of the name "Angela Mateer" which had been accidentally inserted for "Andrea Mateer" in the indictment. The *Kegler* court characterized the change as a "minor clerical" change where the "substance of the charge is left totally unaffected and the prerogative of the grand jury is not usurped." *Kegler*, 724 F.2d at 194. It also noted that "[c]orrecting the name by changing three letters did not charge a different offense from that alleged by the grand jury." *Kegler*, at

195. In our case striking "public" from the indictment did change the offense charged from selling drugs near Wheeling Park High School to selling drugs near either Wheeling Park High School or Central Catholic High School.

**3.** Compare the Supreme Court's language to the majority's conclusion that "[t]o require the United States to resubmit this case to the grand jury, under these circumstances, would be elevating form over substance."

could have been convicted on proof he impeded either the movement of sand or steel in interstate commerce. The Supreme Court expressly rejected that analysis. 361 U.S. at 218, 80 S.Ct. at 273. Once the grand jury indicted for a sale near Wheeling Park High School, only the grand jury could amend the indictment to instead charge a sale near Central Catholic High School.[4]

Because the majority erroneously affirms the district court's amendment of the indictment, I dissent. I would reverse and permit the government to reindict, if it be so advised, as we have held in *Hooker, supra,* at 1233, to be the correct way to treat such matters.

---

4. All the government would have had to do in this instance was to go back to the grand jury and reindict. As we noted in *United States v. Hooker,* 841 F.2d 1225, 1232 (4th Cir.1988) (en banc):

It is obvious that the government could easily have obtained a superseding indictment with little or no delay in the scheduled trial. Its failure to do so resulted in an enormous waste of resources by the court, the government, and the defendant. Regrettably, this is not the first occasion we have had reason to chastise the government for its lax practices in drafting indictments; more regrettably, it is unlikely to be the last.