7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren STEWART, a/k/a Ron Christopher Stewart, Defendant-Appellant.
 No. 92-5191.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 26, 1993.
Decided: October 12, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-91-89)
 Thomas M. Regan, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Warren Stewart, also known as Ron Christopher Stewart, appeals from the district court's conviction and sentence upon jury verdict for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988). Finding no error, we affirm the conviction and sentence order.
 
 
 2
 Stewart, whose real first name is Ron, was found guilty by a jury of possession with intent to distribute crack. After trial Stewart moved first for acquittal and then for a new trial on the ground that the indictment failed to name him and was improperly amended by the district court. The district court had allowed amendment of the indictment prior to the jury's verdict so that the indictment would reflect Stewart's true name. He had given a false name, that of his brother, to arresting officers and the arraigning magistrate judge and had maintained for some time that Warren was his true name.
 
 
 3
 Stewart's allegation of error is meritless. First, it was his own falsehood that led to the wrong name being on the indictment. Second, the indictment was amended prior to final adjudication. Third, Stewart has not alleged any prejudice resulting from the amendment, and the record reveals that none existed. Matters of form may be corrected by amending the indictment. United States v. Bledsoe, 898 F.2d 430, 432 (4th Cir.), cert. denied, 498 U.S. 986 (1990). And this Court looks to whether prejudice would result from the amendment. Id. Further, as Stewart admits in his brief, a misnomer is a mistake of form that may be corrected by amending an indictment. United States v. Young Bros., Inc., 728 F.2d 682, 693 (5th Cir.) (citations omitted) cert. denied, 464 U.S. 881 (1984). The district court did not err in allowing the amendment and in denying Stewart's motions for acquittal and a new trial.
 
 
 4
 Stewart's second allegation of error rests with the district court's admission of evidence of a prior drug transaction with an undercover police officer. Evidence of prior bad acts is not admissible if it shows only character; such evidence is admissible to show intent or lack of mistake. United States v. Russell, 971 F.2d 1098, 1106 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3479 (U.S. 1993). Stewart and his fiancee testified at trial that he was an innocent bystander during the events that led to his arrest and that he had never had any involvement with drugs. The police officer's testimony that he had bought crack from Stewart several months earlier refuted their testimony. The officer's testimony also showed intent and lack of innocent mistake on Stewart's part. Thus, the evidence was admissible, and the district court did not err in so ruling.
 
 
 5
 Finally, Stewart assigns several errors to sentencing. The allegations are without merit. Although Stewart was only indicted for possession of 3.9 grams of crack, he was sentenced on the basis of 5.1 grams. The extra 1.2 grams of crack were attributed to Stewart by virtue of his co-defendant's possession thereof at the time of arrest. Such inclusion is appropriate if proved by a preponderance of the evidence, as the district court found it was. United States v. Roberts, 881 F.2d 95, 104 (4th Cir. 1989); United States v. Powell, 886 F.2d 81, 85 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990); United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(1), comment. (n.1) (Nov. 1991).
 
 
 6
 Stewart also assigns error to the district court's two-level enhancement for obstruction of justice. The district court found that Stewart had given materially false information to a magistrate judge. Such misinformation may result in a two-level enhancement. U.S.S.G. § 3C1.1 comment. (n.3(f)).
 
 
 7
 Stewart assigns error next to the district court's two-level enhancement under U.S.S.G. § 1D1.1(b)(1) for the possession of a firearm during the offense. Stewart complains that the gun was possessed by his co-defendant, and that he should not be accountable therefor. This Court has found directly to the contrary. United States v. White, 875 F.2d 427, 433 (4th Cir. 1989). Thus, the district court did not err in enhancing the offense level.
 
 
 8
 Stewart further complains that the district court erred in not granting him a four-level reduction for his minimal participant role in the offense. Stewart cites no authority for his position and brings no facts in support thereof. Nothing at trial showed that Stewart occupied the minimal role that would support such a reduction. See U.S.S.G. § 3B1.2. And the district court found by a preponderance of the evidence that Stewart played a major role in the offense. Nothing in the record tends to show that this decision was in error.
 
 
 9
 Finally, Stewart contends that the district court erred in assessing two criminal history points for his 1988 convictions for possession of PCP and theft. Stewart alleges that a showing that the conviction was on a felony charge is required for the two-point assessment. Stewart is in error; all that need be shown is that the conviction resulted in a sentence of imprisonment of more than sixty days. U.S.S.G. § 4A1.1(b). Thus, the district court did not err.
 
 
 10
 Stewart's allegations of error are all meritless. Therefore, we affirm the district court's judgment and sentence order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED