14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ramiro ARCIA, Defendant-Appellant.
 No. 91-5467.
 United States Court of Appeals, Fourth Circuit.
 Sept. 8, 1992.
Dec. 21, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.
 Neal Randolph Lewis; Howard Freidin, for appellant.
 William A. Kolibash, U.S. Atty., Paul T. Camilletti, Asst. U.S. Atty., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ramiro Arcia appeals from his jury convictions of conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp.1992) and 21 U.S.C. Sec. 846 (1988), and three counts of traveling interstate in furtherance of a cocaine distribution business, 18 U.S.C.A. Sec. 1952(a)(3) (West Supp.1992). He was sentenced to seventy-eight months of imprisonment, a five-year supervised release term, and a $10,000 fine. We affirm.
 
 
 2
 Earl Brewer ("Brewer") was arrested in West Virginia while in possession of one-half kilogram of cocaine. Brewer began cooperating with the government and implicated Arcia, who lived in Naples, Florida, as the source of the cocaine. After several monitored phone calls to Arcia, Brewer traveled to Florida to purchase two kilograms of cocaine from Arcia. The sale never occurred because Arcia did not have the cocaine in his possession, but the government charged Arcia with conspiracy and various Travel Act counts nonetheless.
 
 
 3
 Arcia asserts that the government improperly amended the indictment from charging him with violations of the Travel Act to aiding and abetting Brewer in violating the Act. He alleges that the grand jury did not charge him with aiding and abetting Brewer in travel from West Virginia to Florida and that "the proof adduced at trial did not comport to the charges of the indictment nor to a crime as set forth in 18 U.S.C. Sec. 1952(a)(3)."
 
 
 4
 An indictment must alert the defendant to elements of the offense so as to notify him of the charges against him. Fed.R.Crim.P. 7(e); United States v. Fogel, 901 F.2d 23 (4th Cir.), cert. denied, 59 U.S.L.W. 3325 (U.S.1990). Sufficiency of an indictment is determined by practical, not technical considerations. United States v. Cobb, 905 F.2d 784 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3482 (U.S.1991). Generally, an amendment to an indictment will stand if it does not change an essential or material element of the charge so as to cause prejudice to the defendant. United States v. Bledsoe, 898 F.2d 430 (4th Cir.), cert. denied, 59 U.S.L.W. 3391 (U.S.1990). Aiding and abetting need not be charged in the indictment to support a conviction on that theory. Pigford v. United States, 518 F.2d 831 (4th Cir.1975). Interstate travel by others that results in the commission of a crime may give rise to a substantive violation of the Travel Act by the one who ordered or instigated the travel. See United States v. West, 877 F.2d 281 (4th Cir.1989).
 
 
 5
 The counts of Arcia's indictment which charge him with violations of the Travel Act explicitly state that Arcia "did cause travel by Earl Brewer in interstate commerce" on specific dates from West Virginia to Florida with the intent to promote a business enterprise involving cocaine. Therefore, his indictments sufficiently alerted him to the crimes with which he was charged. The record does not support Arcia's argument that he was prejudiced by any amendments to his indictment because there is no indication that there was any change in the essential or material elements of the charges against him.
 
 
 6
 Arcia alleges that venue was improper in West Virginia. Traveling in interstate commerce to carry on an illegal business enterprise may be tried in any district where the crime took place. United States v. Davis, 666 F.2d 195, 199 (5th Cir. Unit B 1982). The prosecution must establish by a preponderance of the evidence that the crime occurred in the district of trial. Id. Brewer testified that he traveled from Petersburg, West Virginia, to Naples, Florida, to buy cocaine from Arcia in Florida, and returned to West Virginia. This testimony was sufficient to establish venue in West Virginia.
 
 
 7
 Arcia asserts that it was plain error for the trial court to instruct the jury on aiding and abetting, 18 U.S.C. Sec. 2 (1988), when there was no such charge in the indictment. Where evidence presented at trial supports an aiding and abetting theory, the court may instruct on that theory even though it was not argued by the government. United States v. Horton, 921 F.2d 540 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3850 (U.S.1991). An aiding and abetting instruction is appropriate when evidence discloses that the defendant assisted in the crime, even if he was charged as a principal. United States v. Duke, 409 F.2d 669, 671 (4th Cir.1969), cert. denied, 397 U.S. 1062 (1970). Since evidence of Arcia's participation in cocaine trafficking with Brewer supports the aiding and abetting instruction, the trial court did not commit plain error in giving it.
 
 
 8
 Arcia alleges that the government failed to disclose favorable exculpatory material in violation of Fed.R.Crim.P. 16 and Brady v. Maryland, 373 U.S. 83 (1963). Brewer informed a detective that Arcia called a cocaine source in Miami in his presence, but the detective testified that there was no record of such a call in Arcia's telephone register for that day. Arcia alleges that this information would have been useful in cross-examining Brewer.
 
 
 9
 Suppression by the prosecution of evidence favorable to the accused violates due process where there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. United States v. Bagley, 473 U.S. 667 (1985). A reasonable probability that disclosure of the evidence would have changed the result requires a probability sufficient to undermine confidence in the outcome. Id. at 682. Because the jury was made aware of the inconsistency in Brewer's testimony, we find that there is no reasonable probability that the outcome would have been different had the exculpatory evidence been timely disclosed.
 
 
 10
 Because we find that Arcia's indictment was proper, that venue was proper in West Virginia, that the court did not err in instructing the jury, and that the government did not withhold exculpatory evidence from the defense, we affirm Arcia's convictions.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Arcia's "Notice of Intention to Rely on Additional Case Law" is in violation of Fed. R.App. P. 28(j) and improperly seeks to assert new issues. Moreover, given the evidence presented, we perceive no merit to his newly asserted claim