**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4598

DARYL EDWARD FITZGERALD,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-39)

Submitted: January 23, 1997

Decided: February 5, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Thomas Love, Jr., Charlottesville, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Jean B. Hudson, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daryl Fitzgerald appeals from the district court's order affirming the magistrate judge's order convicting him of driving without a license on National Forest property, 36 C.F.R. § 261.13(a) (1995), and sentencing him to six months incarceration.* We affirm.

On December 9, 1995, Fitzgerald was charged by a National Forest Service Ranger with three violations: (1) operating a motor vehicle without a valid driver's license, (2) operating a motor vehicle in a careless/reckless manner, and (3) possession of alcohol on federal land. The magistrate judge granted Fitzgerald's motion for acquittal as to the second and third charges. Fitzgerald was convicted of the first charge and sentenced to six months imprisonment.

Fitzgerald claims first that the magistrate judge erred by amending the violation notice after the government had presented its case. The violation notice issued to Fitzgerald stated that he was charged with driving without a license and cited 36 C.F.R. § 261.54(d) (1995) (which prohibits the operation of a vehicle on national forest property in violation of posted order regarding speed, load, weight, height, length, width, or other limitation). The government moved to amend the notice to cite to 36 C.F.R. § 261.13(a) (which prohibits operation of a vehicle without a valid driver's license). Because Fitzgerald was on notice of the charge against him and the evidence relevant to that charge was presented at his trial, he was not prejudiced by the amend-ment of the violation notice. See, e.g., United States v. Bledsoe, 898 F.2d 430 (4th Cir. 1990) (allowing amendment of indictment where it does not change essential or material element of charge so as to cause prejudice to the defendant). Moreover, Fed. R. Crim. P. 7(e) provides that "[t]he court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

_____

*Fitzgerald consented to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1994).

Fitzgerald also claims that the magistrate judge abused his discretion by sentencing him to six months imprisonment. This court will not disturb a sentence within the statutory limits except in extraordinary circumstances. United States v. Schocket , 753 F.2d 336, 341 (4th Cir. 1985). Fitzgerald's sentence was within the statutory limit and we find no extraordinary circumstances present here. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3