**UNITED STATES of America**

v.

**Michael TUITT**

**No. 98–CR–30048–MAP.**

United States District Court, D. Massachusetts.

Jan. 31, 2002.

Linda J. Thompson, Jacobson & Thompson, P.C., Springfield, MA, Myles Jacobson, Northampton, MA, for Michael Tuitt, Defendant.

Kevin O'Regan, United States Attorney's Office, Springfield, MA, for U.S. Attorneys.

### MEMORANDUM REGARDING DEFENDANT'S MOTION TO DISMISS COUNT III

PONSOR, District Judge.

The defendant Michael Tuitt was indicted on December 19, 1998 in three counts for a single sale of crack cocaine to a confidential informant. Count I charges conspiracy; Count II charges the substantive offense of distribution of, and possession with intent to distribute, cocaine base; and Count III charges distribution of, and possession with intent to distribute, cocaine base within one thousand feet of a school, pursuant to 21 U.S.C. § 860(a).

The defendant has moved to dismiss Count III, arguing first that the statute does not apply to "parochial" schools, and second that the Government is barred from prosecuting this count because of its own misconduct in selecting the location of the crack sale. Unfortunately for defendant, neither argument will hold up.

For purposes of the motion, both the defendant and the Government agree that Michael Tuitt sold cocaine base to the confidential informant within 1000 feet of the Springfield Christian School (specifically, at a Kentucky Fried Chicken restaurant in the area), and that the site of the sale was selected by DEA Special Agent David O'Neil.

The defendant points out that 21 U.S.C. § 860(a) prohibits drug distribution within 1000 feet of "public or private" schools, whereas 18 U.S.C. 921(a)(25) prohibits possession of an illegal firearm within 1000 feet of "public, parochial or private" schools. The specific addition of the word "parochial" in the gun statute is evidence, the defendant contends, that the absence

of the word in the drug statute indicates that Congress did not intend to reach distributions of controlled substances within 1000 feet of a parochial school. Putting aside the question of Congressional intent, defendant contends that the court's obligation to strictly construe criminal statutes requires that the defendant be given the benefit of the doubt where the full scope of the legal prohibition is unclear.

■ The argument is resourceful but unconvincing. The term "private school" encompasses a parochial school. The inclusion of the term "parochial" in 18 U.S.C. 921(a)(25) is insufficient to dilute or undercut this common sense reality. As the Government points out, at least two other Courts of Appeals have affirmed convictions under § 860(a) involving sales within 1000 feet of parochial schools. See *United States v. McQuilkin*, 97 F.3d 723 (3d Cir. 1996); *United States v. Campbell*, 935 F.2d 39 (4th Cir.1991). The Fourth Circuit has explicitly stated that § 860(a) is "violated by a sale within 1000 feet of *any* secondary school." *United States v. Bledsoe*, 898 F.2d 430, 432–33 (4th Cir.1990), *overruled on other grounds* by *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir.1994)(emphasis in original).

■ The argument seeking to invoke the court's supervisory powers, on the ground that the Government itself selected the drug distribution site, has more force, but in the end is unavailing. The defense is correct that, if one of the goals of the statute is to suppress drug distribution activity, with all its attendant risks and dangers, in the vicinity of schools, then it hardly makes sense to permit the Government itself to select a location adjacent to a school for drug distribution, and then indict the defendant for criminal activity on the very spot the Government agent chose.

Two insuperable barriers, one legal and one factual, bar allowance of the defendant's motion on this ground.

First, as a matter of law, dismissals based on the exercise of the court's supervisory powers require relatively strong foundations. *United States v. Santana*, 6 F.3d 1 (1st Cir.1993). As Judge Selya has said, "[p]otent elixirs should not be casually dispensed." *Id.* at 10.

Second, the factual foundation for dismissal here is weak. Fast food outlets like Kentucky Fried Chicken constantly reappear as popular locations for drug transactions, whether Government-controlled, or not. A public outlet like this, with large numbers of persons coming and going, gives protection to participants, is easy to find and offers convenient parking. Moreover, the affidavit of the agent in this case confirms that, at the time of the drug transaction, the agent did not even know that the particular restaurant was within 1000 feet of any school. The site was selected solely for its tactical advantages, and to reassure the defendant.

Finally, as the Government has pointed out, an urban area such as Springfield contains so many schools that the greater part of the area inside the municipal limits is within 1000 feet of a school. It would have been awkward for a law enforcement agent attempting to arrange a controlled buy within the City of Springfield even to locate an appropriate spot that was not within 1000 feet of a school. Under these circumstances, the court cannot conclude that there was misconduct on the part of the Government in any way approaching the level of severity to justify dismissal.

For the foregoing reasons, the defendant's Motion to Dismiss is hereby DENIED.

A separate order will issue.

*ORDER*

For the reasons stated in the accompanying Memorandum, defendant's Motion to Dismiss is hereby DENIED.

It is So ordered.