# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MICHAEL WAYNE BYRAM,
*Defendant-Appellant.*

No. 02-4746

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-01-13)

Submitted: July 29, 2003

Decided: August 22, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

John Q. Adams, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Wayne Byram appeals his conviction and 470-month sentence for two counts of use or possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (2000), two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(2000), one count of possession of a short-barreled shotgun in violation of 26 U.S.C. § 5861(d) (2000), and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). Byram noted a timely appeal raising three issues: (1) the district court erred in denying his motion to suppress guns and drugs seized as the result of an August 1, 2000 automobile stop because the police officers lacked reasonable suspicion to make the stop; (2) the district court erred in granting the Government's motion to amend Count two of the indictment; and (3) the district court erred in denying Byram's motion to have two trials, separating the charges arising from his August 1, 2000 arrest from charges stemming from his February 9, 2001 arrest. Finding no reversible error, we affirm.

Byram's first argument on appeal is that police officers had no reasonable suspicion to make an automobile stop on August 1, 2000, and therefore, the evidence of the drugs and guns seized pursuant to this stop should have been suppressed. This court reviews legal conclusions in a district court's suppression determination de novo and reviews the underlying facts under a clearly erroneous standard, giving "due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *United States v. Sprinkle*, 106 F.3d 613, 616-17 (4th Cir. 1997). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Under *Terry v. Ohio*, 392 U.S. 1 (1968), "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). To conduct a *Terry* stop, there must be "at least a minimal level of objective justification for making the stop." *Id.* Reasonable suspicion requires

more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. *Id.*; *see also United States v. Hensley*, 469 U.S. 221, 232 (1985). In assessing police conduct in a *Terry* stop, courts must look to the totality of the circumstances. *United States v. Sokolow*, 490 U.S. 1, 8 (1989). A suspect's presence in an area known for criminal activity is not, by itself, enough to support a *Terry* stop. However, presence in such an area is relevant, as are flight upon noticing the police, nervous, evasive behavior, and the lateness of the hour. *Wardlow*, 528 U.S. at 124; *see also United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993) (noting that lateness of the hour is another fact that may raise the level of suspicion). Based on the facts in this case, and viewing the evidence in the light most favorable to the Government, we hold that the district court did not err in ruling that the officers had reasonable suspicion sufficient to justify a *Terry* stop. Therefore, the district court did not err in denying Byram's motion to suppress.

Byram next argues that the district court erred in granting the Government's motion to amend Count two of the indictment by excluding language that referred to the drug methamphetamine. This court reviews a district court's decision whether to strike certain language from an indictment for abuse of discretion. *United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997). Byram relies on Rule 7(d) of the Federal Rules of Criminal Procedure, which provides that the district court may strike surplusage from an indictment on the defendant's motion. Byram did not move to have the phrase containing the word methamphetamine struck from Count two. However, due process is not offended when an amendment "drop[s] from an indictment those allegations that are unnecessary to an offense that is clearly contained within it . . . ." *United States v. Miller*, 471 U.S. 130, 144 (1985); *see also United States v. Bledsoe*, 898 F.2d 430, 432 (4th Cir. 1990) (matters of form that do not alter an essential element to the prejudice of a defendant may be corrected by amendment). Amendments to indictments implicate federal constitutional rights where the amendment changes the offense charged. *Stirone v. United States*, 361 U.S. 212, 217 (1960). We find that the amendment made by the district court did not change the offense charged, nor impermissibly broaden the bases for conviction beyond those presented to the grand jury. *See United States v. Sampson*, 140 F.3d 585, 589-90 (4th Cir. 1998). Therefore, the district court did not abuse its discretion.

Byram's last argument on appeal is that the district court erred in denying his motion to have two trials, separating charges arising from events that occurred on August 1, 2000 from charges arising from events that occurred on February 9, 2001. We review the district court's refusal to grant a misjoinder motion de novo to determine whether the initial joinder of the offenses in the indictment was proper under Fed. R. Crim. P. rule 8(a). *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir.), *petition for cert. filed*, (U.S. Apr. 2, 2003) (No. 02-9992). If joinder was proper, review of the denial of a motion to sever is for abuse of discretion under Fed. R. Crim. P. 14. *Id.* Our review leads us to conclude that the charges were properly joined in the indictment and that the district court did not abuse its discretion in denying Byram's motion to sever.

Accordingly, we affirm Byram's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*