Tyrone Power **MOORE**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 74–1260.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 10, 1975.

Decided Feb. 25, 1975.

**1256**

William F. Dobbs, Jr., Charleston, W. Va. [Court-appointed counsel] (Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., on brief) for appellant.

Wayne A. Rich, Jr., Asst. U. S. Atty. (John A. Field, III, U. S. Atty., Robert B. King, Asst. U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

Tyrone Power Moore appeals his conviction of possessing a prohibited firearm, a violation of 26 U.S.C. §§ 5861 and 5871. The indictment charged that Moore possessed a "sawed-off 12 gauge shotgun." The weapon introduced at trial, however, was certified to be a "[f]irearm made by inserting a 11 inch piece of galvanized pipe into barrel of flare gun and welding same with solder. The pipe is of the size that will chamber a 12 gauge shotgun shell." [sic].

Section 5845 of Title 26 of the United States Code defines "firearm" to include a "shotgun" having a barrel of less than 18 inches; a "shotgun" is "a weapon designed or redesigned . . . and intended to be fired from the shoulder . . . .." Because his weapon clearly was never intended to be fired from the shoulder, Moore contends it is not a "shotgun" and therefore not a "firearm" proscribed by Section 5861. This argument overlooks the further definition of "firearm" as "any other weapon" which means "a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell . . . .."

Moore, however, suggests that reliance on the provision for "any other weapon" creates a fatal variance between the indictment and the proof at trial. Nevertheless, it is clear that he was in no way prejudiced by the variance in the instant case. Prior to trial, defense counsel was supplied with a copy of the Treasury Department Certification, which fully described the modified flare gun. Thus, the indictment is most properly read as charging possession of an unlawful firearm; the faulty description is mere surplusage.

Moore contends finally that it was error to allow an agent of the Bureau of Alcohol, Tobacco and Firearms, who was qualified as a firearms expert to testify that the weapon was a prohibited type of shotgun within the meaning of federal law. While it may be preferable to avoid expert testimony going to the ultimate issue, we can discern no prejudice to Moore. His weapon was clearly an unlawful one, and any conceivable error in the admission of expert testimony was harmless.

Affirmed.

WIDENER, Circuit Judge (dissenting):

I think the principal error in this case is that the government simply indicted the defendant under the wrong statute,

and the fact that he may have been guilty under another statute does not furnish sufficient reason for affirming his conviction of a crime which he did not commit.

Moore was charged in the indictment and convicted of "unlawfully and knowingly possess[ing] a firearm, that is, a sawed-off 12-gauge shotgun . . . which was not registered . . . as required by . . . §§ 5861(d) . . . .." Since a "shotgun" is a weapon designed or redesigned and intended to be fired from the shoulder, as specifically defined in 26 U.S.C. § 5845(d), the flare gun in Moore's possession was not such a weapon. This is admitted by the majority.

What the majority overlooks is that § 5845 not only defines firearm but also, in separate subsections, defines "shotgun," in subsection (d), and "any other weapon," in subsection (e). "The term 'any other weapon' means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length . . . .", etc. 26 U.S.C. § 5845(e).

Since § 5845 describes separately and in different subsections a "shotgun" and "any other weapon," when the United States indicted Moore for possessing a "shotgun," it assumed the burden of proving that the weapon Moore possessed fitted within the precise statutory definition. This it did not do.

I further do not agree that the testimony of the expert was harmless error. Granted that admitting the testimony was erroneous, in this case it should not be held harmless because there was no other evidence at all that the weapon possessed by Moore was a "sawed-off . . . shotgun" for which he was indicted. Indeed, the opinion of the majority implicitly finds that the testimony of the expert was so erroneous as to be

without merit as it recites "because his weapon was never intended to be fired from the shoulder." The admission of the patently erroneous testimony of the expert into evidence was compounded by the form of the question illustrated by the quoted question and answer.

"Q. Mr. England, based on your training and experience and your particular knowledge and investigation of Government's Exhibit No. 1, is Government's Exhibit No. 1 a prohibited type of sawed-off 12 gauge shotgun *within the meaning of federal law?*

MR. THRIFT: Objection.

THE COURT: Overruled.

A. Yes, it is." (Italics added)

I am of opinion this testimony was not only very damaging, in the case at hand it invaded the province of the jury, for the statutory definition of the weapon, the possession of which is charged to Moore, is quite clear and does not leave room for opinion testimony peculiarly within the knowledge of an expert witness.

The effect of the testimony is well described by the emphasis placed on it by the United States Attorney in his argument to the jury:

"Don't get hung up on whether or not the weapon comes within the meaning of prohibited firearms or not, ladies and gentlemen. Mr. England told you as an expert witness that it does. It does."

And, if this were not enough, the district judge then charged the jury as to the possession of "any other weapon" from § 5845(e), a crime for which the defendant had not been indicted.

In summary, I believe the testimony complained of should not have been admitted, and am of opinion this case falls within the reasoning of Ex Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); and Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Cf. Berger v. United States, 295

U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

If the United States wishes to reindict Moore for unlawful possession of a weapon described by § 5845(e), that is a matter up to the prosecutor. I would reverse.