UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Ebikebana AKPI, Defendant–
Appellant.

No. 93–5481.

United States Court of Appeals,
Fourth Circuit.

Argued March 7, 1994.

Decided June 10, 1994.

**ARGUED:** James Joseph Nolan, Jr., Pierson, Pierson, Pierson & Nolan, Baltimore, MD, for appellant. Maury S. Epner, Asst. U.S. Atty., Baltimore, MD, for appellee. **ON BRIEF:** Lynne A. Battaglia, U.S. Atty., Baltimore, MD, for appellee.

Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Judge HAMILTON and Senior Judge CHAPMAN joined.

OPINION

NIEMEYER, Circuit Judge.

In *United States v. Akpi*, 993 F.2d 229 (4th Cir.1993) (per curiam), we held that Count I of the indictment against Robert Akpi, purporting to allege a conspiracy to traffic in fraudulent credit cards in violation of 18 U.S.C. § 1029(b)(2), was defectively pleaded because it failed to allege an effect on inter-

state or foreign commerce. Akpi's conviction on that count was reversed and the case was remanded to the district court with the instruction "to dismiss this count without prejudice to the government, which may reindict and reprosecute Akpi if it so chooses." Slip op. at 9.

On remand, the government filed a one-count information charging Akpi with a conspiracy to traffic in unauthorized access devices. After Akpi unsuccessfully challenged the information on the ground that it subjected him to a second prosecution for the same conduct in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, he pled guilty to the information, preserving the double jeopardy issue for appeal. *See Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (holding that a guilty plea does not waive a defendant's right to challenge the prosecution on double jeopardy grounds).

Akpi now contends that when the government proceeded with the first trial, aware of the defective indictment because Akpi had unsuccessfully moved to dismiss the indictment on the basis of the defect, it deliberately subjected Akpi to successive prosecutions in violation of the Double Jeopardy Clause. Akpi argues that the second trial was "the product of the government's abuse of Mr. Akpi's right to have the trial completed before *one* tribunal." Appellant's Brief at 10–11 (emphasis in original).

We believe that Akpi's argument is founded on an erroneous understanding of the limits of the double jeopardy protection. For the reasons that follow, we affirm his conviction.

█ The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy." U.S. Const. amend. V. Since the Supreme Court's decision in *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), it has been established that the Double Jeopardy Clause is no bar to the retrial of a defendant who has been convicted of a crime but whose conviction has been overturned on appeal due to an error in the proceedings leading to conviction. Although the practice of permitting a

second trial following a reversal on appeal differs from that under the English common law, it is nevertheless a "well-established part of our constitutional jurisprudence," *United States v. Tateo*, 377 U.S. 463, 465, 84 S.Ct. 1587, 1588–89, 12 L.Ed.2d 448 (1964), and is supported by a number of policies vital to the "sound administration of justice." *Id.* at 466, 84 S.Ct. at 1589. A rule that would immunize a defendant from punishment when his trial contained *any error* sufficient to require a reversal would exact too high a price from law enforcement efforts because the complexity of courtroom procedure must inevitably lead to some errors, even when attorneys and judges are at their best. Our criminal justice system simply cannot afford to let guilty defendants walk free because of the criminal procedure's complexity, particularly when the complexity is attributable to efforts to protect the innocent and to convict only the guilty. A rule that permits retrial after reversal on trial errors, moreover, serves the interest of defendants because:

> [I]t is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution.

*Id.* In short, retrial after reversal due to *trial error* is not an abuse that was intended to be prohibited by the Double Jeopardy Clause. *See Tibbs v. Florida*, 457 U.S. 31, 40 & n. 14, 102 S.Ct. 2211, 2217 n. 14, 72 L.Ed.2d 652 (1982).

█ Although a retrial based on a reversal due to trial error is not foreclosed by the Double Jeopardy Clause, it remains well-established that a retrial following reversal *based solely on evidentiary insufficiency* falls within the core of the double jeopardy protection. A reversal based on the legal insufficiency of evidence is, in effect, a determination that the government's case was so lacking that the trial court should have entered a judgment of acquittal rather than submitting the case to the jury. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Because the Double Jeop-

ardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense, it ought to do the same for the defendant who obtains an appellate determination that the trial court should have entered a judgment of acquittal. A contrary result "would create a purely arbitrary distinction" between defendants, based on the hierarchical level at which the insufficient evidence determination was made. *Id.* at 11, 98 S.Ct. at 2147. Since the decision in *Burks,* the Supreme Court has reaffirmed its stance that the prohibition against a retrial after reversal is limited to those circumstances where the reversal is based on the conclusion, in essence, that the government has failed to prove its case against the defendant. *See, e.g., Tibbs, supra* (permitting retrial where appellate court reverses conviction, not based on the insufficiency of the evidence, but because the verdict was against the *weight* of the evidence); *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (permitting retrial where appellate court reverses conviction based on erroneously admitted evidence, even though remaining evidence was insufficient to establish guilt).

 In short, the Double Jeopardy Clause affords protection against a retrial following reversal based solely on evidentiary insufficiency, but not against a retrial following reversal based on trial error.

> While the former is in effect a finding "that the government has failed to prove its case" against the defendant, the latter "implies nothing with respect to the guilt or innocence of the defendant," but is simply "a determination that [he] has been convicted through a judicial *process* which is defective in some fundamental respect."

*Lockhart,* 488 U.S. at 40, 109 S.Ct. at 290 (quoting *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149).

 In this case, Akpi asserts that the second prosecution violates the Double Jeopardy Clause because the government maintained the first prosecution knowing well that Count I would have to be dismissed on the basis of its failure to allege an effect on interstate commerce. Even if Akpi's contention that dismissal was so obviously required were factually correct,* there still would be no legal basis for his argument.

Akpi took his first appeal to correct an error based on a defective indictment. The defect in no way related to the sufficiency of the evidence but only to the manner in which he was charged. The danger of abuse inherent in giving the government a second chance to muster evidence when its first chance resulted in an acquittal is not, in any respect, present in this case. On the contrary, the reversal on Count I was on a most technical ground, particularly when it is remembered that the government presented ample evidence at trial that Akpi's conduct affected interstate commerce. Accordingly, we conclude that the Double Jeopardy Clause does not bar the second prosecution for the offense alleged in Count I of the original indictment.

*AFFIRMED.*

---

* Although this Court accepted Akpi's position on his first appeal, the district court and one member of the appellate panel took the opposite view. *See* slip op. at 9–12 (Niemeyer, J., dissenting).