**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 96-4416

BARRY WILLIAM DOWNER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-95-199-PJM)

Argued: June 2, 1997

Decided: April 27, 1998

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Reversed by published opinion. Judge Widener wrote the majority
opinion, in which Judge Michael concurred. Judge Williams wrote a
dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Gerald Chester Ruter, LAW OFFICE OF GERALD
CHESTER RUTER, Baltimore, Maryland, for Appellant. Barbara
Suzanne Skalla, Assistant United States Attorney, Jane Frances
Nathan, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

**OPINION**

WIDENER, Circuit Judge:

After a jury trial, Barry William Downer was convicted of aggravated sexual abuse, between "June 1992 through . . . about August 1992" in violation of 18 U.S.C. § 2241(c). More specifically, the jury was instructed under § 2246(2)(D) and found him guilty of engaging in a "sexual act" as defined in 18 U.S.C.§ 2246(2)(D).[1] Subsequently, the district court vacated the § 2241(c) conviction because it violated the Ex Post Facto Clause of the Constitution. The court then, at the insistence of the United States, convicted the defendant, without any further trial, of violating 18 U.S.C. § 2244(a)(1) for abusive sexual conduct. The court reasoned that § 2244(a)(1) is a lesser included offense of § 2241(c) and that the indictment fully set forth its elements. We conclude that the district court's action violated the Grand Jury Clause[2] and therefore reverse Downer's conviction.

I.

The grand jury returned a three-count indictment against Downer on May 4, 1995. All three counts charged him with aggravated sexual abuse by engaging in a sexual act with a person who has not reached the age of 12 in violation of 18 U.S.C. § 2241(c). Each count, however, alleged a different type of conduct within the definition of sexual act found in 18 U.S.C. § 2246: Count One alleged contact between the penis and the vulva, 18 U.S.C. § 2246(2)(A); Count Two alleged contact between the penis and the anus, 18 U.S.C. § 2246(2)(A); and Count Three alleged intentional touching, "not through the clothing," of the genitalia of another person who had not yet attained the age of 12 years "with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D). The indictment stated that the charged offenses all occurred between June 1992 and August 1992 at Andrews

_____

[1] Except as indicated otherwise, as here, or when self-evident, statutory references are to June-August, 1992 versions.

[2] U. S. Constitution, Amendment V."No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."

2

Air Force Base in Maryland. Each offense charged permitted imprisonment for life.**3**

Downer's trial began on November 20, 1995 in the district court. The alleged abuse involved Downer's stepdaughter who was age ten at the time of trial. The conduct was said to have taken place during the summer of 1992 when the girl was visiting her mother, Nora Downer, and the defendant at their home on Andrews Air Force Base. She testified that she tried to report Downer's behavior to her mother during the visit, but her mother did not believe her.

After returning to her father's, she exhibited behavioral changes. She shortly thereafter disclosed the alleged sexual abuse to her stepmother. Doctors, counselors, social workers, and law enforcement officers then interviewed and examined her. These interviews presented consistent accounts of the nature of the abuse and the identity of the abuser. An examination of her hymenal area by a pediatrician specializing in child abuse also disclosed injury consistent with her statements concerning sexual abuse, although earlier examinations by other doctors were inconclusive.

The jury returned twice during their deliberations to indicate they were deadlocked. Each time, the district court read an Allen charge to the jury. The jury then indicated that it had reached a unanimous verdict as to two counts but that "we are absolutely not going to be able to reach a unanimous verdict on the third of these counts." The jury was polled. They could not reach a verdict as to Count One, acquitted Downer of Count Two, and found him guilty of Count Three.

At some point after the verdict, it was discovered that subsection (2)(D) of 18 U.S.C. § 2246, which included certain types of intentional touching within the definition of "sexual act" and formed the basis for Downer's conviction under § 2241(c), had not become law until September 13, 1994. The court requested briefs on the matter from the parties. Following a hearing, the district court found that the § 2241(c) conviction violated the Ex Post Facto Clause of the Constitution but determined that it should substitute a conviction under 18

_____

**3** Code section 2246 mentioned in the indictment was not in effect until 1994.

3

U.S.C. § 2244(a)(1) as a lesser included offense. The district court reasoned that the defendant was given notice of the elements of § 2244(a)(1) in Count Three of the indictment and that the jury necessarily found each of those elements beyond a reasonable doubt in returning its verdict. Accordingly, the district court vacated Downer's conviction on Count Three, "instituted in its place" a conviction under § 2244(a)(1) and sentenced Downer to prison.

II.

We are satisfied with the district court's conclusion, and the government's concession, that Downer's conviction on Count Three under § 2241(c) violated the Ex Post Facto Clause of the Constitution. Thus, the dispute is over the district court's authority to substitute another offense in place of the offense for which Downer was improperly indicted.

The defendant argues that the district court could not after trial replace a statute, under which he was indicted and which did not exist during the crime's alleged commission, with a statute that did exist at that time.

The government contends that the indictment gave Downer sufficient notice of the elements for a § 2244(a)(1) conviction because in this case § 2244(a)(1) is a lesser included offense of § 2241(c).

Both 18 U.S.C. § 2241, entitled "aggravated sexual abuse," and 18 U.S.C. § 2244, entitled "abusive sexual contact," make criminal certain forms of sexual conduct occurring on federal property. The conduct criminalized in § 2241(c) is a "sexual act" with a child, while in § 2244(a)(1) it is "sexual contact." 18 U.S.C. § 2245 (1992 version) defines these terms. As relevant to this case, "sexual act" means:

> the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2245(2)(C). "Sexual contact" means:

4

the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh or buttocks of any person with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2245(3). For the 1994 version of the statute, see 18 U.S.C. § 2246.

The intentional touching aspect of "sexual act" presently described in § 2246(2)(D) did not take effect until September 1994. In sum, Congress redefined sexual act in 1994 to elevate certain forms of sexual contact, i.e., direct intentional touching of the genitalia, to an aggravated offense under § 2241(c). Section 2241(c), under either version of the statute, for a first offender, allows a maximum term of life imprisonment, while § 2244(a)(1) sets a maximum term of ten years. For a second offender, the 1994 version of§ 2241(c) has an obligatory sentence of life imprisonment.

The government relies on United States v. Plenty Arrows, 946 F.2d 62 (8th Cir. 1991); United States v. Torres, 937 F.2d 1469 (9th Cir. 1991); and United States v. Demarrias, 876 F.2d 674 (8th Cir. 1989), for the proposition that a violation of 18 U.S.C.§ 2241 for aggravated sexual abuse includes as a lesser included offense a violation of 18 U.S.C. § 2244 for abusive sexual contact. While the authorities are not entirely uniform with respect to that proposition, we do not have to decide the question.

Plenty Arrows' relevance to this case is slight, if any, for that case concerned only penile contact rather than digital, which is the subject of separate statutory provisions. Torres is a case on facts similar to those present here, and the facts in Demarrias are not stated. It is true, however, that those cases do state that abusive sexual contact under § 2244 carrying a penalty of not more than ten years is, in some circumstances, a lesser included offense of aggravated sexual abuse under § 2241, carrying a maximum penalty of life imprisonment. The similarity of those cases to our case, however, is far less than the difference. In each of those cases, all of the statutes involved, both principal and lesser included offense, were in place at the same time, the time the crime was committed. In our case, the statute under which

5

Downer was indicted did not come into existence until 1994, some two years after the acts with which he was charged. So, to affirm any conviction, the district court took the position that it would institute a conviction of a lesser included offense under § 2244(a)(1), abusive sexual contact, as a lesser included offense of § 2241, aggravated sexual abuse. And this, although the defining item of the § 2241 offense, § 2246(2)(D), did not exist until some two years after the date of the offense.

Both the district court and the government fall back on the proposition that the defendant had notice of the acts with which he was charged, regardless of the crime he was indicted for, and if the only question in this case was some kind of a due process argument with respect to fair notice, that position might have more merit. The question here, however, is whether the Grand Jury Clause of the Constitution has been violated. We have considered in three cases fact situations which for practical purposes are indistinguishable from those at hand.

In Moore v. United States, 512 F.2d 1255 (4th Cir. 1975), the defendant was indicted under 26 U.S.C. § 5845(d) for "unlawfully and knowingly possess[ing] a firearm, that is, a sawed-off 12-gauge shotgun" which was defined in § 5845(d) in violation of 18 U.S.C. § 5861(d). It turned out that the gun in Moore's possession was not a shotgun but a flare gun which had had a pipe welded to it, making it capable of firing a 12-gauge shotgun shell, which was a weapon described in § 5845(e) as a "device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive." The weapon described in § 5845(e) was likewise prohibited under § 5861(d). We affirmed the conviction on the ground that Moore had been supplied with a Treasury Department certificate "which fully described the modified flare gun."

In United States v. Bledsoe, 898 F.2d 430 (4th Cir. 1990), we affirmed a conviction for selling crack cocaine near a secondary school in violation of 21 U.S.C. §§ 841(a)(1) and 845a(a). The indictment charged the sale was "within 1,000 feet of a public secondary school" in Wheeling, West Virginia. In that case, it turned out that the sale was within 1,000 feet of a parochial school rather than a public school. The district court permitted an amendment of the indictment

6

to remove the word "public" from the indictment, and we affirmed the conviction on the ground, as before, that "we believe[d] that Bledsoe received adequate notice of the offense charged." Bledsoe, 898 F.2d at 433. As in Moore, we held there was no violation of the Grand Jury Clause.

In United States v. Floresca, however, 38 F.3d 706 (4th Cir. 1994)(en banc), we overruled Moore and confined Bledsoe to its facts, further holding that so far as Bledsoe was "inconsistent with our holding today, it is no longer authority in this circuit." Floresca, 38 F.3d at 711. In Floresca, the defendant had been indicted for witness tampering, in violation of 18 U.S.C. § 1512(b)(1), the gist of which is that it is a crime to corruptly persuade another person with intent to influence, delay or prevent the testimony of any person in an official proceeding. The district court, however, instructed the jury that it could convict the defendant under § 1512(b)(1), for which he was indicted, if it found that he had hindered, delayed or prevented the communication of information to a law enforcement officer related to the commission of a federal crime, a violation not of § 1512(b)(1), for which the defendant had been indicted, but of § 1512(b)(3), another part of the same statute. We held that that instruction was a violation of the Grand Jury Clause, and, in so doing, we overruled Moore and effectively overruled Bledsoe. We do not see a distinction of any consequence between Floresca and the case at hand. Downer was convicted of a lesser included offense of a crime which was not in existence at the time he was charged with committing it. The fact that he may have had notice of the facts constituting some other crime, even a lesser included offense, does not suffice to take the place of a grand jury indictment.

The government also analogizes the substituted § 2244 conviction to a harmless typographical error in an indictment. Fed. R. Crim. P. 7(c)(3) provides that an error in the indictment's citation of a statute is harmless if it does not mislead the defendant to the defendant's prejudice.

In Downer's case, the mistake was not merely an "error in the citation" referred to in Rule 7(c)(3), rather it was a charge of crime under a statute which did not exist on the date of the offense. Additionally, the indictment could only have misled Downer as to the maximum

7

punishment for the offense, life imprisonment under§ 2241(c), as opposed to ten years under § 2244(a)(1), hardly an insignificant difference. Although Downer may have been given notice of the greater penalty because he was indicted and convicted under a statute which did not exist on the date of the offense, it would be mere speculation to say that his knowledge of a lesser maximum punishment would not have affected his trial strategy or tactics. Rule 11, after all, even on a guilty plea, requires that the defendant be advised of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fed. R. Crim. P. 11(c)(1).

The government next claims that no error occurred because the indictment's language furnished Downer with notice of all of the elements of § 2244(a)(1). That same position was the principal position of the dissent in Floresca, which was rejected by the en banc court. The rejected position was there stated thus: " . . . where the elements of the crime for which a defendant is ultimately convicted are set out in the indictment and where the evidence at trial establishes only facts that were alleged in the indictment, there is no broadening of the bases of the conviction and, consequently, the only error that may arise is a variance." 38 F.3d at 716. Thus, Floresca is a square holding that whatever the facts charged in the indictment may be, an indictment must also show the crime for which a defendant is charged.[4] Otherwise, it is deficient in violation of the Grand Jury Clause.

Stated otherwise, proceeding under the concededly ex post facto statute meant that no conviction existed as a result of Downer's trial for which the district court could substitute a replacement. "The right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." Stirone v. United States, 361 U.S. 212, 218-19 (1960). We believe the district court's institution of a conviction under another statute essentially resulted in an impermissible amendment of the indictment. Such action must be corrected on appeal. See Floresca, 38 F.3d at 714.

_____

[4] A mere error in citation is, of course, harmless error under Rule 7(c)(3).

III.

For the above reasons, we reverse Downer's conviction under § 2244(a)(1). We thus do not address the merits of his other arguments on appeal. Moreover, we note in conclusion that this opinion is not intended to preclude the government from retrying Downer under a proper indictment. See United States v. Akpi, 26 F.3d 24, 26 (4th Cir. 1994) (holding that Double Jeopardy Clause does not prevent retrial after reversal based on defective indictment as opposed to evidentiary sufficiency).

The defendant's conviction is accordingly

REVERSED.

WILLIAMS, Circuit Judge, dissenting:

Contrary to Supreme Court precedent, the Federal Rules of Criminal Procedure, and the prior decisions of this Court, the majority elevates a simple miscitation to a constructive amendment of the indictment. Application of the proper standard dictates that the conviction below be affirmed. I, therefore, respectfully dissent.

I.

Contrary to the conclusion drawn by the majority, there was no violation of the Grand Jury Clause. See U.S. Const. amend. V. The grand jury charged in Count Three that Downer "intentionally touch[ed], not through the clothing, [a seven-year old child's] genitalia," in violation of 18 U.S.C.A. § 2241(c). That the Third Count of the indictment makes a case of abusive sexual contact, within the meaning of 18 U.S.C.A. § 2244, is beyond dispute. Thus, despite the contentions of the majority, the conduct alleged in Count Three of the indictment (and for which Downer was convicted) was a crime during the summer of 1992. As a result, this case turns on whether the citation of the wrong statute in the indictment mandates the reversal of a criminal conviction. It is well established that where, as here, the defendant was not prejudiced by the erroneously cited statute, the conviction must be affirmed.

9

In <u>Williams v. United States</u>, 168 U.S. 382 (1897), the Government intentionally indicted the defendant with violating § 3169 of the Revised Statutes. Although the Supreme Court concluded that the defendant's conduct was not proscribed by that statute, it nevertheless found that the indictment was valid because the defendant's conduct was prohibited by § 5481. Writing for the Court, the first Justice Harlan noted:

> It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin of the indictment constitutes no part of the indictment, and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute.

<u>Id.</u> at 389.

Similarly, in <u>United States v. Hutcheson</u>, 312 U.S. 219 (1941), the defendants denied that their conduct violated the statute under which they were indicted. Even if true, the Court found the defendants' argument to be without merit. Writing for the Court, Justice Frankfurter gave the following explanation for its ruling:

> In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial. He may have conceived the charge under one statute which would not sustain the indictment, but it may nevertheless come within the terms of another statute.

<u>Id.</u> at 229.

Rule 7 of the Federal Rules of Criminal Procedure has codified the holdings of <u>Williams</u> and <u>Hutcheson</u>. <u>See</u> Fed. R. Crim. P. 7(c)(3) advisory committee's note. Under Rule 7(c), a statutory miscitation

10

in an indictment is harmless error and cannot be grounds for reversing the conviction unless the defendant is misled by the erroneous reference and prejudiced thereby. See Fed. R. Crim. P. 7(c)(3). Accordingly, "[a] conviction may be sustained on the basis of a statute or regulation other than that cited [in the indictment]." Fed. R. Crim. P. 7(c)(3) advisory committee's note.

In United States v. Massuet, 851 F.2d 111 (4th Cir. 1988), we applied Rule 7(c) to an indictment virtually indistinguishable from the indictment in the instant case. In Massuet, the Government intentionally indicted the defendants with violating 21 U.S.C.A. § 959(b)(2). Although we concluded that the defendants could not be sentenced for violating that section, we nevertheless found that the indictment was valid because the defendants' conduct was prohibited by 21 U.S.C.A. § 841(a)(1). Id. at 115. In so holding, we specifically held that Rule 7(c)(3) was not limited to unintentional clerical errors. See id. at 116. Rather, we held that Rule 7(c)(3) applies even in cases where "the prosecutor intentionally cite[s] an inappropriate statute," so long as "an appropriate statute proscrib[es the same] conduct charged in the indictment." Id.

As in Williams, Hutcheson, and Massuet, the prosecutor below intentionally cited an inappropriate statute, i.e., 18 U.S.C.A. § 2241(c). Also like these three cases, an appropriate statute proscribes the very conduct charged in the indictment, i.e., 18 U.S.C.A. § 2244.**5** As such, the indictment complied with the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 7(c)(1). In particular, the

_____

**5** Downer actually concedes that 18 U.S.C.A. § 2244 is a lesser included offense of 18 U.S.C.A. § 2241. See Appellant's Br. at 38 (citing United States v. Two Bulls, 940 F.2d 380, 381 (8th Cir. 1991); United States v. Torres, 937 F.2d 1469 (9th Cir. 1991); United States v. Demarrias, 876 F.2d 674, 676 (8th Cir. 1989)); see also United States v. Plenty Arrows, 946 F.2d 62, 66 (8th Cir. 1991). Thus, by convicting Downer of violating § 2241(c), the jury found all of the elements necessary to establish his guilt for violating § 2244. Of equal importance, Downer was on notice of the essential elements of the offense with which he was ultimately convicted. See Schmuck v. United States, 489 U.S. 705, 718 (1989) (noting that a defendant is always on notice that he may be convicted of a lesser included offense of any offense charged in the indictment).

11

indictment informed Downer of the essential facts constituting the offense charged. Consequently, citation to § 2241(c) did not prejudice Downer or, more importantly, invalidate the prosecution. See Williams, 168 U.S. at 389; Fed. R. Crim. P. 7(c)(3).

II.

So long as the conduct charged in the indictment constituted a crime at the time the offense was committed, as was the case here, it is well established that the district court should preserve the jury's verdict by simply sentencing the defendant under the proper statute. See Massuet, 851 F.2d at 116 (noting "that the proper procedure for dealing with the problem of the erroneously cited statute would be to remand the case for resentencing under the proper statute"). Because the majority ignores this well established rule, I dissent.

12