**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 97-7299

GARRY BUTLER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-91-194-MU, CA-96-249-MU)

Submitted: November 30, 1998

Decided: January 22, 1999

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Garry Butler, Appellant Pro Se. Brian Lee Whisler, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Garry Butler appeals from the district court's order denying relief on his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). We dismiss the appeal in part, vacate the district court's order in part, and remand to the district court for further proceedings.

Garry Butler was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). The charges against Butler arose out of the arrest of Lynette Townsend, a member of the conspiracy who cooperated with the Government. Townsend was arrested on September 26 carrying approximately 389 grams of cocaine. She agreed to a controlled delivery of the cocaine to the other conspirators, which was completed on September 27.

Count I of Butler's indictment charged Butler and various co-conspirators with conspiracy to possess with intent to distribute "cocaine" on or about September 27, 1991. Subsequent to the indictment, the Government filed an amended information stating that the amount of cocaine the conspiracy was responsible for distributing was in excess of one kilogram of "cocaine base." Apparently, sometime after the indictment, the Government concluded that Butler and his co-conspirators bought powder cocaine and then cooked it into "crack" cocaine for resale. The bulk of the evidence presented at trial concerned Townsend's delivery of the 389 grams of cocaine to the conspirators on September 27, although the Government did present some evidence of the conspiracy's distribution of "crack" cocaine. The jury verdict form stated that the jury found Butler guilty of Count I of the indictment, conspiracy to possess with intent to distribute "cocaine." Likewise, the judgment form stated that Butler was found guilty of conspiracy to possess "cocaine."

2

The presentence investigation report (PSR) found Butler responsible for 1.5 kilos to five kilos of "crack" cocaine and set his base offense level based on this finding. Although Butler objected at sentencing that he should not be held responsible for the distribution of "crack" cocaine when he was only charged with distribution of powder cocaine, the sentencing court adopted the PSR and set Butler's offense level based on a finding that he was responsible for at least 1.5 kilos of crack cocaine. The court set Butler's total offense level at forty-two, which along with Butler's criminal history category of II, resulted in an imprisonment range of 360 months to life under the U.S. Sentencing Guidelines Manual Ch. 5, pt. A (1997). The court sentenced Butler to 420 months' imprisonment.

Butler filed the instant motion under 28 U.S.C.A.§ 2255, contending that the sentence imposed was outside the statutory maximum for the offense of conviction. Butler's offense of conviction is conspiracy to distribute "cocaine" on or about September 27, 1991.[1] Neither side disputes that the amount of cocaine involved is thus approximately 389 grams of powder cocaine.[2] The sentence imposed should not have

_____

[1] Although the district court only considered Butler's claims under the rubric of ineffective assistance of counsel, a liberal reading of Butler's § 2255 motion discloses that he wishes to raise his claims substantively. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). Further, although Butler did not challenge the sentence as being outside the statutory maximum at sentencing or on direct appeal, we find that his claim is properly before this court. See United States v. Wynn, 987 F.2d 354, 359 (6th Cir. 1993) (sentencing beyond statutory maximum plainly violated right to due process under Fifth Amendment); United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993) (holding that government's failure to argue for cause and prejudice review under United States v. Frady, 456 U.S. 152, 167-68 (1982), precludes government from asserting waiver argument and allows court to reach merits).

[2] We note that the Government filed an information stating that the conspiracy was responsible for the distribution of in excess of one kilo of cocaine base, apparently in an attempt to amend the indictment. However, the indictment specifically charged Butler with conspiracy to distribute "cocaine." This thus raises a question as to the Government's ability to amend the indictment by an information charging the distribution of a different narcotic under 21 U.S.C. § 841(a)(1). It could be argued that the Government was attempting to alter a material element

3

exceeded the statutorily authorized maximum sentence for the offense of conviction, the distribution of 389 grams of powder cocaine. <u>See</u> <u>United States v. Estrada</u>, 42 F.3d 228, 230-32, 232 n.4 (4th Cir. 1994); <u>United States v. Carrozza</u>, 4 F.3d 70, 81 (1st Cir. 1993); <u>United States v. Darmand</u>, 3 F.3d 1578, 1581 (2d Cir. 1993).

Based on 389 grams of powder cocaine, the statutorily authorized maximum sentence is twenty years. <u>See</u> 21 U.S.C. § 841(b)(1)(C) (1994). Although the guidelines range exceeds the statutory maximum, the statutory maximum takes precedence over the guidelines range. <u>See</u> USSG § 5G1.1; <u>United States v. Edwards</u>, ___ U.S. ___, ___, 118 S. Ct. 1475, 1477 (1998). Under the Guidelines, when the statutorily authorized maximum sentence is less than the minimum of the guidelines range, as here, the maximum statutory sentence shall be the guidelines sentence. <u>See</u> USSG § 5G1.1(a). Accordingly, Butler's guidelines sentence is twenty years, and he must be resentenced accordingly. We therefore grant a certificate of appealability on this issue, vacate the district court's order as to this claim, and remand for further proceedings.

Butler also contends that he received ineffective assistance of appellate counsel due to counsel's failure to raise this issue on direct appeal. Although appellate counsel is not required to raise every non-frivolous argument available on direct appeal, this issue was both significant and obvious, and should have been raised. <u>See Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983); <u>Kelly v. United States</u>, 29 F.3d 1107, 1112 (7th Cir. 1994). We conclude that counsel's performance

_____

of the offense, which it cannot do except by superseding indictment. <u>See</u> <u>United States v. Downer</u>, 143 F.3d 819, 822-23 (4th Cir. 1998); <u>United States v. Graffia</u>, 120 F.3d 706, 710 (7th Cir. 1997). Regardless, however, it is clear from the testimony presented at trial, the jury verdict form, and the judgment and commitment order that Butler was only convicted of conspiracy to distribute "cocaine." Accordingly, although the Government could permissibly present evidence of the conspiracy's distribution of crack cocaine to be considered as relevant conduct for sentencing purposes under USSG § 1B1.3, the offense of conviction and its corresponding statutory maximum sentence remained unaltered by the information.

4

was objectively unreasonable and that it resulted in prejudice to Butler. See Strickland v. Washington, 466 U.S. 668, 687-95 (1984). We also grant a certificate of appealability on this issue, vacate the district court's order as to this claim, and remand for further proceedings.

We find no merit to Butler's additional claim that he was denied his right to a fair trial due to the prosection's failure to correct allegedly false testimony. See Giglio v. United States, 405 U.S. 150, 154 (1972). Likewise, the record shows that the sentencing court, considering both trial testimony and evidence presented at the sentencing hearing, made specific findings on the amount of drugs for which Butler should be held responsible as relevant conduct. See Fed. R. Crim. P. 32(c)(1). We thus deny a certificate of appealability and dismiss the appeal as to these claims.

In conclusion, we grant certificates of appealability as to Butler's sentencing and ineffective assistance of counsel claims, vacate the district court's order as to those issues, and remand for further proceedings. We deny a certificate of appealability and dismiss the appeal as to all other issues. We deny Butler's motions to appoint counsel and for oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART, VACATED IN PART, AND REMANDED

5