**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4437

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEMUEL CORNELIUS MINGO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-03-14)

Submitted: June 21, 2007          Decided:  August 13, 2007

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric A. Bach, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Robert J. Gleason, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kemuel Cornelius Mingo appeals his convictions on felon-in-possession, drug possession, and drug trafficking charges. For the reasons set forth below, we affirm the convictions.

I.

On January 28, 2003, a Charlotte, North Carolina, grand jury returned a three-count indictment against Mingo. Counts One and Two charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and possession of cocaine base, in violation of 21 U.S.C. § 841 (2000). Count Three stated that "Mingo during and in relation to a drug trafficking crime . . . did, knowingly, willfully and unlawfully use and carry and in furtherance of such drug trafficking crime, did possess said firearm" in violation of 18 U.S.C. § 924(c)(1) (2000). J.A. 15.

Count Three did not precisely track the language of the statute cited, which provides in relevant part: "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a fireman, shall . . . be sentenced to a term of imprisonment of not less than 5 years . . . ." 18 U.S.C. § 924(c)(1)(A)(I). Specifically, the statute is worded disjunctively (any person who uses or carries, or possesses),

-2-

whereas the indictment charged Mingo conjunctively (Mingo did use and carry and possess).

At trial, the government's evidence showed that on October 24, 2002, summoned by an informant, Mingo arrived at a Charlotte motel room to conduct a drug deal with an undercover police officer. When the police officers hiding in the bathroom emerged with their guns drawn, Mingo's initial reaction was to reach for a gun concealed in the back of his waistband. Abandoning that effort without touching or drawing the gun, Mingo reached for the door behind him. He was unable to leave the room quickly, however, because he had locked the door from the inside when he entered. The police apprehended Mingo and, in a search incident to his arrest, recovered from his person both the gun and a sandwich bag containing twelve individually packaged rocks of crack cocaine.

At the conclusion of the evidence, the district court instructed the jury. As a part of its instructions on Count One (felon-in-possession), the court explained that the parties had stipulated that Mingo is a convicted felon. The court then instructed the jury on constructive possession by defining the term as well as the term "actual possession," and by stating, among other things, that the jury "may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt the defendant had actual or constructive possession" of the gun. J.A. 248. The court did not

-3-

clarify whether the constructive possession instruction for Count One applied to Count Three.

As for Count Three, the court instructed the jury:

> [T]he government must prove as to each count the following essential elements beyond a reasonable doubt. First, that the defendant committed a drug trafficking crime for which he may be prosecuted in a court of the United States. That is possession with intent to distribute cocaine base. Second, that the defendant <u>used and carried a firearm during and in relation to the commission of the drug trafficking crime or possessed the firearm in furtherance of the drug trafficking crime</u>. And third, that the defendant did so knowingly.
> Now, I want to define the terms on that a little bit further so if you'll bear with me. <u>He's been charged with using and carrying a firearm during and in relation to a drug trafficking crime</u>. <u>To sustain a conviction based on use</u>, the evidence must show beyond a reasonable doubt active employment of a firearm. <u>The government may alternatively produce evidence that the firearm was carried</u> during or in relation to a drug trafficking crime, but must prove, of course beyond a reasonable doubt that the firearm was actively carried as charged. <u>Alternatively, the government may produce evidence beyond a reasonable doubt that the defendant knowingly possessed a firearm in furtherance of the drug trafficking crime.</u> This requires the government to present evidence indicating that the possession of a firearm furthered or advanced or helped forward a drug trafficking crime.

J.A. 251-52 (emphases added). Thus, while the indictment charged Mingo in Count Three conjunctively (Mingo did use and carry and possess), the district court instructed the jury on Count Three disjunctively (the evidence must show that Mingo used or carried or possessed) in accordance with the statute. The verdict sheet presented to the jury borrowed the language of the indictment with regard to Count Three: "[Defendant] did . . . use and carry a

-4-

firearm and in furtherance of such drug trafficking crime, did possess said firearm" in violation of § 924(c).  J.A. 279.

The jury returned a verdict of guilty on all three counts. Mingo appeals, contending that the district court erred in (1) not limiting its instruction on constructive possession to Count One; (2) constructively amending the indictment when instructing the jury on Count Three; and (3) not offering the jury alternative verdict forms for Count Three.


II.

Because Mingo failed to object to the jury instructions given or the verdict form provided by the district court at the time of trial, we review for plain error.  See Fed. R. Crim. P. 52(b); United States v. Hastings, 134 F.3d 235, 239 (4th Cir. 1998). Mingo must show that an error occurred, the error was plain, and the error affected his substantial rights.  Hastings, 134 F.3d at 239; see also id. at 240 (explaining that, on plain error review, the defendant bears the burden of persuasion).  Even if Mingo can make this showing, we will not exercise our discretion in correcting the error "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

Constructive amendments of a federal indictment, however, are error per se.  Therefore, should we find error with respect to

Mingo's second claim, we will reverse notwithstanding Mingo's failure to object at trial.  See United States v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994) (en banc).  We consider the three errors Mingo alleges in turn.

A.

Mingo first contends that the district court should have clarified for the jury that the constructive possession instruction for the 922(g) offense (felon-in-possession) did not apply to the 924(c) offense (using or carrying a firearm during and in relation to a drug trafficking crime, or possessing a firearm in furtherance of such crime).  The government responds that the theory of constructive possession is equally applicable to both offenses, that there is no reason to believe the jury was confused and needed a limiting instruction, and that there was no error because the evidence at trial was of actual possession, not constructive possession.

Under the theory of constructive possession, evidence may establish "such a nexus or relationship between the defendant and [contraband] that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession." United States v. Smith, 407 F.2d 35, 37 (4th Cir. 1969) (citation and quotation marks omitted).  We have not decided in a published

opinion whether a constructive possession instruction may be given on a 924(c) charge.[1]

We do not reach the question because, in determining the adequacy of jury instructions, we review them "taken as a whole." Teague v. Bakker, 35 F.3d 978, 985 (4th Cir. 1994); accord United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995) ("This court reviews jury instructions in their entirety and as part of the

---

[1]Our unpublished opinions have countenanced the use of the constructive possession theory in order to establish the § 924(c) offense of possessing a firearm in furtherance of a drug trafficking crime. See, e.g., United States v. Griffin, 175 Fed. App'x 627, 628, 630 (4th Cir. 2006); United States v. Milbourne, 129 Fed. App'x 861, 867 n.7 (4th Cir. 2005). Additionally, in United States v. Kemper, No. 89-5725, 925 F.2d 1458 (Table), 1991 WL 19988, *2 (Feb. 22, 1991), we did not discuss constructive possession or jury instructions, but we noted that "[p]ossession, constructive or actual, is necessarily included in a finding that a defendant used or carried a firearm in relation to his drug trade" in violation of § 924(c).

At least one circuit has determined that a constructive possession instruction should not be given on a 924(c) charge of using or carrying a firearm during and in relation to a drug trafficking crime. See United States v. Johnson, 216 F.3d 1162, 1164, 1167 (D.C. Cir. 2000); United States v. Green, 254 F.3d 167, 169, 172 (D.C. Cir. 2001).

Several of our sister circuits have held that possession of a firearm in furtherance of a drug trafficking crime under § 924(c) may be shown through either constructive or actual possession. See United States v. Booker, 436 F.3d 238, 241 (D.C. Cir. 2006) (holding that "possession" for purposes of 924(c) may be either actual or constructive); United States v. Maldonado-Garcia, 446 F.3d 227, 231 (1st Cir. 2006) (holding that a § 924(c) possession charge encompasses both actual and constructive possession); United States v. Lott, 310 F.3d 1231, 1247 (10th Cir. 2002) (holding that possession under § 924(c) can be shown through either constructive or actual possession); United States v. Mackey, 265 F.3d 457, 460 (6th Cir. 2001) (allowing defendant to concede constructive possession of a weapon under § 924(c)).

-7-

whole trial."). The jury was instructed on actual possession, defined as physical control over property, see United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006), as well as constructive possession. The evidence at trial was of actual possession, not constructive possession. The jury heard evidence that a gun was lodged in Mingo's waistband, where he reached for it, and that the police later found the gun on Mingo's person and recovered it. Thus, to the extent that the jury found Mingo guilty under § 924(c) because he "possessed" a gun, there is little doubt that the jury considered him to have "actually" possessed, or had direct physical control over, the gun. Regardless of whether the district court's constructive possession instruction for the 922(g) offense impermissibly infected the jury's consideration of the 924(c) offense, there is no error where the evidence conformed to an instruction on actual possession that the jury also received. Mingo's claim fails.

B.

Next, Mingo observes that Count Three of the indictment contained two § 924(c) offenses in a single count, omitted the "or who" language found in the statute, and used the language "uses and carries" instead of "uses or carries" as stated in the statute. Contrary to the indictment, Mingo explains, the district court instructed the jury that it could convict Mingo based on use of a

-8-

firearm during and in relation to a drug crime, or alternatively, carrying a firearm during and in relation to a drug crime, or alternatively, possessing a firearm in furtherance of a drug crime. The district court's modifications, Mingo argues, constitute constructive amendment of the indictment.

1.

We begin with Mingo's baseline assertion that § 924(c) criminalizes two separate offenses: (1) using or carrying a firearm during and in relation to a drug trafficking crime (the "use or carry" offense) and (2) possessing a firearm in furtherance of a drug trafficking crime (the "possession" offense). We have not yet decided, as have other courts, whether § 924(c) defines two distinct offenses.[2] See, e.g., United States v. Savoires, 430 F.3d 376 (6th Cir. 2005); United States v. Combs, 369 F.3d 925 (6th Cir. 2004); United States v. Pleasant, 125 F. Supp. 2d 173, 176 (E. D. Va. 2000) ("Given their plain meaning, the words of § 924(c) delineate two quite different, albeit related, proscriptions.").

Assuming, without deciding, that the statute criminalizes two distinct offenses, the indictment is duplicitous in that it joins

[2]We have merely observed that "the first paragraph [of § 924(c)(1)(A)] contains the elements of the crime—using or carrying a firearm in relation to or possessing a firearm in furtherance of drug trafficking," without noting whether the paragraph lists the elements of two distinct crimes. United States v. Harris, 243 F.3d 806, 810 (4th Cir. 2001).

together, with the word "and," the use or carry offense and the separate possession offense.[3]  See United v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985) (defining duplicity as "the joining in a single count of two or more distinct and separate offenses").  "As a general rule, however, when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged."  Id. (quoting Turner v. United States, 396 U.S. 398, 420 (1970)); accord Griffin v. United States, 502 U.S. 46, 56-57 (1991).  In Turner, for example, the indictment charged the defendant with purchasing, dispensing, and distributing heroin without revenue stamps attached when the statute at issue made it unlawful to commit any one of those acts.  Applying the rule stated above, the Supreme Court held that because the evidence proved that Turner was distributing heroin without revenue stamps attached, the "status of the case with respect to the other allegations is irrelevant to the validity of Turner's conviction." Turner, 396 U.S. at 420.

Here, the evidence was plainly sufficient to find that Mingo committed each of the acts charged in the indictment.  The evidence was sufficient to find that Mingo "carried" the gun during his drug trafficking crime where, under § 924(c), "to carry" means that the

_____

[3]We note that Mingo does not formally challenge his indictment as duplicitous, although he invokes the concept in making his argument regarding constructive amendment of the indictment.

-10-

firearm was on the defendant's person or knowingly possessed and conveyed in a vehicle. See Muscarello v. United States, 524 U.S. 125, 126-27 (1998). Likewise, given the government's evidence that drug dealers carry guns for protection and that Mingo instinctively reached for his gun when confronted by the police, the jury could easily conclude that Mingo "possessed" the gun in furtherance of his drug trafficking crime. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (requiring the government to establish that "possession of a firearm furthered, advanced, or helped forward a drug trafficking crime" with evidence, for example, that the firearm provided the dealer with defense, protection, or a means of intimidating others); see also id. at 706 ("[A] fact finder is certainly entitled to come to the common-sense conclusion that when someone has both drugs and a firearm on their person, the gun is present to further drug trafficking."). Finally, the evidence was sufficient to find that Mingo "used" the gun. "Use" under § 924(c) requires "active employment," which includes "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm." Bailey v. United States, 516 U.S. 137, 148 (1995) (emphasis added). At trial, two police officers testified that they saw the gun in Mingo's waistband when he reached behind his back for the gun. Because, as Bailey explains, a gun is actively employed if

displayed or "disclosed . . . by the offender," Mingo, however briefly, "used" the gun for the purposes of § 924(c).  Id. at 149.

Thus, notwithstanding any duplicity in the indictment or the district court's charging of the jury in the disjunctive, the verdict should stand.  Accord United States v. Dickey, 102 F.3d 157, 164 n.8 (5th Cir. 1996) (holding that where indictment charged defendant with carrying and using a firearm in violation of § 924(c) but statute and jury instructions spoke of carrying or using a firearm, the "discrepancy was not improper" because "a disjunctive statute may be pleaded conjunctively and proved disjunctively" (citation omitted)).

2.

This conclusion would normally end our inquiry, but Mingo has not mounted a duplicity challenge to the indictment or a challenge to the sufficiency of the evidence.  Rather, he asserts that the district court constructively amended the indictment by substituting the words "or" and "alternatively" for the indictment's use of the word "and."  Turner and Griffin, the two cases cited above that would ordinarily bar Mingo's claim, did not involve an allegation of constructive amendment.

"A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the

-12-

jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." Floresca, 38 F.3d at 710. We have referred to constructive amendments of a federal indictment as fatal variances because "the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). Constructive amendments are error per se and, given the Fifth Amendment right to be indicted by a grand jury, "must be corrected on appeal even when not preserved by objection." Floresca, 38 F.3d at 714.

When considering a constructive amendment claim, "it is the broadening [of the bases for a defendant's conviction] that is important—nothing more." Floresca, 38 F.3d at 711. As explained in Floresca, "it matters not," when a constructive amendment has occurred, "whether the factfinder could have concluded" that the defendant was guilty even if the amendment had not occurred. Id. The key inquiry is whether the defendant has been tried on charges other than those made in the indictment against him.

We find that Mingo was not tried in this manner. The district court certainly modified the language of the indictment by instructing the jury to convict if it found that Mingo used or carried or possessed a firearm, when the indictment charged Mingo with using and carrying and possessing a firearm. Thus, it would

-13-

seem that the bases for Mingo's conviction were broadened: the indictment required the jury to find that Mingo committed all three acts before issuing a guilty verdict, whereas the jury instructions required the jury to find that Mingo committed any one of the three acts before issuing a guilty verdict.  But dwelling on this point would be misguided, for every charge the jury considered (using, carrying, possessing) <u>was</u> made in the indictment against him.

The cases considering constructive amendments to an indictment are instructive.  In <u>Stirone v. United States</u>, 361 U.S. 212, 218-19 (1960), the Supreme Court held that the defendant was convicted on a charge the grand jury never made against him when the indictment charged him only with interference with sand shipments but the jury instructions stated that his guilt could also rest on interference with steel shipments.  We cited <u>Stirone</u> in <u>Floresca</u>, where the trial court read the jury the language of subsection b(1) of 18 U.S.C. § 1512(b), which was charged in the indictment, but immediately thereafter instructed the jury that it could convict if it found the defendant guilty under subsection b(3), a separate crime not charged the indictment.  We found that the court's instruction constructively amended the indictment by broadening the bases for Floresca's conviction and allowing the jury to convict him on a charge not made in the indictment.  The court's instruction "was more than just a misstatement of the law applicable to the indicted offense; it stated a distinct,

-14-

unindicted offense." Floresca, 38 F.3d at 710.  Unlike Stirone and Floresca, where the trial court instructed the jury on an offense not mentioned in the indictment at all, in the instant case, the district court instructed the jury on, and only on, offenses (using, carrying, possessing) expressly mentioned in the indictment.

Floresca overruled a case, Moore v. United States, 512 F.2d 1255 (4th Cir. 1975), that, as this Court determined in Floresca, should have resulted in a finding of constructive amendment.  Moore further demonstrates that what happened at Mingo's trial was not a constructive amendment of the indictment.  In Moore, the indictment charged the defendant with violating 26 U.S.C. § 5845(d) but the trial court instructed the jury on § 5845(e).  Moore contained a "clear example[] of constructive amendment" because the defendant was convicted of a crime (§ 5845(e)) other than that charged in the indictment (§ 5845(d)).  Floresca, 38 F.3d at 711.  Mingo's case is distinguishable.  Mingo was not, for example, indicted for the use or carry offense yet subjected to jury instructions on the possession offense.  Rather, the jury convicted him of either a use or carry offense or a possession offense (it is true that we cannot be sure of which one), both of which were charged in the indictment (albeit conjunctively).  Cf. United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) ("When a defendant is convicted of charges not

-15-

included in the indictment, an amendment has occurred which is per se reversible error.").

Because the district court's jury instruction did not impermissibly broaden the bases for Mingo's conviction by allowing him to be convicted of a crime not included in the indictment, the district court did not fatally amend the indictment. Mingo's claim fails.

C.

Finally, Mingo contends that the district court erred in not submitting two verdicts to the jury for Count Three because the "uses or carries" clause and the "possession in furtherance of a drug trafficking crime" clause of § 924(c) constitute two distinct crimes, necessitating an alternative verdict. Mingo apparently argues that a special verdict form was required so that the jury could indicate whether it was finding Mingo guilty of the use or carry offense or the possession offense. The government correctly notes that Mingo has cited no authority for the proposition that § 924(c) requires a special verdict form.

Addressing this claim would ordinarily require this Court to decide whether § 924(c) contains two distinct offenses, as discussed earlier. We need not reach that question because, even assuming, arguendo, the statute criminalizes two distinct offenses, there is no requirement in this Circuit that a special verdict form

-16-

be submitted for those offenses.  To the contrary, we have allowed juries to return a general verdict on a count alleging two separate crimes so long as the defendant is sentenced only on the lesser crime.  See United States v. Quicksey, 525 F.2d 337, 340-41 (4th Cir. 1975).  Here, the statute authorizes a five-year prison sentence for both a use or carry offense and a possession offense, and Mingo received five years.

Thus, although it is impossible to ascertain the precise violation of § 924(c) the jury found Mingo to have committed, a special verdict form was not required to prevent the district court from imposing a greater sentence than Mingo warranted under the law.  Finding no error and no prejudice in the district court's failure to submit an alternative verdict to the jury, we reject this claim as well.


### III.

For the reasons stated above, we affirm the convictions.

AFFIRMED