**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6793

ELSA NEWMAN,

Petitioner - Appellant,

v.

STATE OF MARYLAND; PAROLE OFFICER JANICE GARCIA; DIRECTOR MARTHA DANNER,

Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:21-cv-00062-RDB)

Submitted:  April 18, 2024                    Decided:  April 19, 2024

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ross Philip McSweeney, Edward Joseph Meehan, GROOM LAW GROUP, CHARTERED, Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elsa Newman seeks to appeal the district court's order dismissing as untimely her 28 U.S.C. § 2254 petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 148 & n.9 (2012) (explaining that § 2254 petitions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2244(d)(1)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez*, 565 U.S. at 140-41 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Newman has not made the requisite showing. Newman conceded below that her petition was untimely filed and that her double jeopardy claim is procedurally defaulted. She argued, however, that new evidence supported her actual innocence claim. We find that reasonable jurists could not debate that the scholarly articles on which Newman relies were not "new evidence," were irrelevant, and did not establish that no reasonable juror would have convicted Newman given the poor probative value of the studies and the circumstantial evidence of the conspiracy produced at trial. *See McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013). We also conclude that reasonable jurists could not debate that Newman's underlying double jeopardy claim was meritless because her original convictions were reversed for trial error,

2

not insufficient evidence. *See United States v. Akpi*, 26 F.3d 24, 26 (4th Cir. 1994).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense

with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

*DISMISSED*
